IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

CHRISTINA M. VOGT,

      **Plaintiff,**

                                       **CIVIL ACTION NO. 3:19-CV130**
                                       **(GROH)**

AMERICAN ARBITRATION ASSOCIATION, INC.,

      **Defendant.**

## REPORT AND RECOMMENDATION

### I.     INTRODUCTION

Pending before the Court is Plaintiff Christina M. Vogt's ("Plaintiff") pro se Motion [ECF No. 2] for Leave to Proceed In Forma Pauperis. Because Plaintiff seeks to proceed in forma pauperis, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] against American Arbitration Association, Inc. ("AAA") sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B).

### II.     THE COMPLAINT

Plaintiff alleges, "The AAA published their opinion (defamation) which has been used to further potentially harm the Plaintiff in that her case maybe (sic) challenged by using her as a scapegoat to justify breaching a contract."[1] ECF No. 1. Plaintiff asserts that this publication took place after the contract was broken and therefore arbitral immunity does not apply. Id. Plaintiff also alleges intentional infliction of emotional distress because

---

[1] Plaintiff does not attach the alleged "published opinion (defamation)". She merely asserts that it is defamatory and that it occurred "after the contract was broken."

the AAA did not remove the second arbitrator, and when the second arbitrator recused himself, the AAA refused to administer her case. Id. For relief, Plaintiff seeks to recover her additional costs of proceeding with this case and relief for her emotional and mental distress, which she claims in her civil cover sheet is $250,000.[2] ECF No. 1-1.

### III.     LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed in forma pauperis. Id. The Supreme Court of the United States has explained that the purpose of the "federal in forma pauperis statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). When a plaintiff seeks to proceed in forma pauperis, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed sua sponte (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective

---

[2] Plaintiff does not give a number for monetary relief in her complaint but only in her civil cover sheet.

defendants the inconvenience and expense of answering such complaints." <u>Neitzke</u>, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. <u>See</u> <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

As stated above, under the federal in forma pauperis statute, the court may dismiss a case if the complaint is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous if it is without "an arguable basis either in law or fact." <u>Neitzke</u>, 490 U.S. at 325. A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>Id</u>. at 328. Cases should only be dismissed as frivolous when the legal theories are "indisputably meritless," or where the claims rely on factual allegations which are "clearly baseless." <u>Id</u>. at 327; <u>see also</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). This includes claims where the plaintiff has little or no chance of success. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976). The federal in forma pauperis statute allows a court to sua sponte dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41,47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. <u>Id.</u> In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." <u>Id.</u>

at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002)); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

## IV.   DISCUSSION

### A. Jurisdiction

Before evaluating whether Plaintiff's complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332; Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each

defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000.

Id.

Here, Plaintiff's complaint only states that jurisdiction exists because "the case is worth more than $75,000." ECF No. 1, at 2. However, looking to Plaintiff's civil cover sheet, she also asserts diversity jurisdiction by checking the box in section "III. Citizenship of Principal Parties that Defendant" as "Incorporated and Principal Place of Business in Another State." ECF No. 1-1, at 1. Additionally, Plaintiff alleges $250,000 in damages, which exceeds the amount-in-controversy requirement of $75,000.[3] See ECF No. 1-1; 28 U.S.C. § 1332.

## B. Arbitral Immunity

The doctrine of arbitral immunity is rooted in the doctrine of judicial immunity—because an arbitrator's role is considered the "functional equivalent" of a judge's role, courts have uniformly extended quasi-judicial immunity to individual arbitrators. The policies underlying arbitral immunity parallel those underlying judicial immunity—to protect decision makers from undue influence and to protect the integrity of the decision-making process. Moreover, arbitral immunity attaches to "all acts within the scope of the arbitral process." Galuska v. New York Stock Exchange, 210 F.3d 374, 2000 WL 347851, *2 (7th Cir.2000) (citations omitted). In Tamari v. Conrad, 552 F.2d 778 (7th Cir.1977),

---

[3] The undersigned notes that although this amount seems improbable, "[i]n most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination. If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St.Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Here, the undersigned cannot conclude "to a legal certainty" that Plaintiff cannot recover an amount surpassing the amount-in-controversy threshold of $75,000.

the district court explained why an aggrieved litigant cannot bring suit against an arbitrator, holding that "individuals ... cannot be expected to volunteer to arbitrate disputes if they can be caught up in the struggle between the litigants and saddled with the burdens of defending a lawsuit." Id. at 781; see Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir.1987) ("arbitrators are immune from civil liability for acts within their jurisdiction arising out of their arbitral functions").

Likewise, arbitral immunity protects the American Arbitration Association ("AAA") from liability for the wrongful conduct alleged in this complaint. The Second Circuit noted that "arbitral immunity extends to organizations that sponsor arbitrators, not just the arbitrators themselves." Austern v. Chi. Bd. Options Exchange, Inc., 898 F.2d 882 (2d. Cir. 1990); see United States v. City of Hayward, 36 F.3d 832, 838 (9th Cir.1994) (acknowledging the extension of arbitral immunity to sponsoring boards). Although the Fourth Circuit has not expressly addressed this issue, this principle was adopted in Gryder v. HCL Am. Inc., No. 1:17CV1258, 2018 U.S. Dist. LEXIS 149160, at *5 (E. Dist. Va. August 30, 2018.)

The Court finds that the AAA has arbitral immunity, and therefore, Plaintiff has failed to assert a cognizable claim.[4]

## V.    RECOMMENDATION

Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE** for failure to state a claim as Defendant has arbitral immunity.

Plaintiff, Christina M. Vogt, shall have fourteen (14) days from the date of filing this

---

[4] Because Plaintiff's complaint should be dismissed for the reasons stated herein, it is not necessary for the undersigned to address other procedural defects of Plaintiff's complaint or the merits of her asserted claims.

Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet. Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge's association with this case.

Respectfully submitted this 27st day of August, 2019.

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE