# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CHRISTINA M. VOGT,**

    Plaintiff,

**v.**                                                           **CIVIL ACTION NO.: 3:19-CV-130 (GROH)**

**AMERICAN ARBITRATION ASSOCIATION, INC.,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Now before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert W. Trumble. ECF No. 7. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. On August 27, 2019, Magistrate Judge Trumble issued his R&R recommending that this Court dismiss Plaintiff's complaint with prejudice for failure to state a claim.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file objections in a timely manner constitutes a waiver of *de novo* review and a plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1)(C); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct

the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, objections to Magistrate Judge Trumble's R&R were due within fourteen days after being served with a copy of the same. The R&R was sent to the Plaintiff by certified mail on August 27, 2019. ECF No. 7. The Plaintiff filed her objections on September 10, 2019. ECF No. 9. Accordingly, the Court will review the portions of the R&R to which the Plaintiff objects *de novo*.

In the R&R, Magistrate Judge Trumble recommends that the Plaintiff's complaint be dismissed with prejudice because "arbitral immunity protects [Defendant] from liability for the wrongful conduct alleged in this complaint." ECF No. 7 at 6. In her objections, the Plaintiff avers that Defendant is not entitled to immunity because the arbitrator was a "contracted employee," paid for by Defendant. Id. at 13. The Plaintiff attempts to distinguish case law cited in the R&R, Tamari v. Conrad, 552 F.2d 778 (7th Cir. 1977), arguing that "the arbitrator was cited as voluntary, not a paid consultant, so this case may not necessarily apply." Id. Additionally, The Plaintiff alleges that the Defendant had full knowledge of "[the] law-breaking by the respondent and the arbitrator," and therefore the Court "should render [Defendant] equally as responsible as the arbitrator." Id.

Here, the Plaintiff's objections do not support rejecting the R&R. First, "arbitrators in contractually agreed upon arbitration proceedings are absolutely immune from liability in damages for all acts within the scope of the arbitral process." Austern v. Chicago Bd. Options Exch., Inc., 898 F.2d 882, 886 (2d Cir. 1990). Thus, the Defendant's

employment relationship with the arbitrator is irrelevant in recognizing arbitral immunity. The Court in Austern also noted that arbitral immunity extends to organizations that sponsor arbitrations. Id. Based on this principle, the Court finds that the Defendant is entitled to arbitral immunity. See Gryder v. HCL Am. Inc., No. 1:17-CV-1258, 2018 WL 4171439, at *2 (E.D. Va. Aug. 30, 2018) (adopting the Austern principle and finding that "the AAA can enjoy immunity as the sponsor organization, the same as the arbitrator himself"). Courts will preclude parties from claiming arbitral immunity only under improper circumstances. See In re Nat'l Arbitration Forum Trade Practices Litig., 704 F. Supp. 2d 832, 836 (D. Minn. 2010) (finding that plaintiff's "systemic, pervasive, and far-reaching allegations of bias and corruption, rendering every single arbitration performed by [the arbitration provider] suspect" sufficiently precluded arbitral immunity). This is not the case here. The Plaintiff's allegations of "egregious bias" [ECF No. 9 at 10] are baseless and do not warrant preclusion of arbitral immunity against the Defendant.

Therefore, upon careful review, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 7] is **ADOPTED** for the reasons more fully stated therein. Accordingly, the Plaintiff's Complaint [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

The Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 2] and Notice of Voluntary Dismissal [ECF No. 10], as well as the Defendant's Motion to Dismiss for Failure to State a Claim [ECF No. 11] are all hereby **DENIED AS MOOT**.

The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket.

The Clerk is further **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED:** October 24, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE